IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 122-118 |
| | * | |
| DARNELL DWIGHT BROWN | * | |

O R D E R

Presently before the Court is Defendant Darnell Dwight Brown's challenge to his conviction under 18 U.S.C. 922(g)(3) as unconstitutional in light of the United States Supreme Court's recent decision in N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022).  (Doc. No. 25.)  Section 922(g)(3) prohibits possession of a firearm by an unlawful drug user.

In order to attack the legality of his sentence, which is what Defendant is trying to do, Defendant must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence.  Here, Defendant's motion does not reference § 2255 in any way.  Nevertheless, this Court intends to recharacterize his motion as a § 2255 motion.  See Castro v. United States, 540 U.S. 375 (2003) (explaining that a district court must notify a litigant of its intent to recharacterize a *pro se* motion as a § 2255 habeas petition).  This recharacterization means that any subsequent § 2255 motion will be subject to the statutory restriction on "second and successive" § 2255 motions.

See 28 U.S.C. § 2255(b) & 2255(h) (prohibiting claims in second or successive § 2255 motions except under certain specified circumstances). Accordingly, Defendant must notify this Court in writing within thirty (30) days hereof if he contests the recharacterization of his motion, whether he wishes to withdraw the motion, or whether he wishes to amend the motion to assert any other § 2255 claims aside from his Bruen claim.[1] If Defendant fails to respond to this Order within 30 days, his motion for relief (Doc. No. 25) will be recharacterized as a § 2255 motion, the Clerk will redocket the motion as one seeking relief under 28 U.S.C. § 2255 (**with a *nunc pro tunc* filing date of February 9, 2024**), and his Bruen claim will be addressed under the standards applicable to § 2255 motions.

Notably, the Eleventh Circuit held just yesterday that § 922(g)(1), which is similar to Defendant's offense of conviction under § 922(g)(3) because both proscribe conduct of ***non***-law-abiding citizens, is constitutional even after Bruen. See United States v. Dubois, --- F.4th ---, 2024 WL 927030 (11th Cir. Mar. 5,

---

[1] The **CLERK** is **DIRECTED** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order in case he decides to amend his filing to include additional § 2255 claims. If Defendant chooses to amend his motion, he must set forth all his § 2255 claims on the attached form, including his Bruen claim. In other words, if Defendant files an amended motion on the form provided, the Court will not consider the original motion; rather, the amended motion will supersede the original motion in its entirety. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Any new claims filed by Defendant are subject to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255(f), and all other applicable standards governing § 2255 actions.

2024). More specifically, the Eleventh Circuit determined that Bruen did not overturn long-standing precedent in District of Columbia v. Heller, 554 U.S. 570, 635 (2008), which held that certain citizens may be "disqualified" from keeping or bearing arms under the Second Amendment. DuBois, 2024 WL 927030, at **5-6 (observing that Bruen made clear that its holding was "[i]n keeping with Heller") (also citing and reaffirming United States v. Rozier, 598 F.3d 768 (11th Cir. 2010), which held that § 922(g)(1) does not violate the Second Amendment)).

Upon the foregoing, no sooner than April 8, 2024, the Clerk shall docket Defendant's motion for relief (Doc. No. 25) as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 with a *nunc pro tunc* filing date of February 9, 2024, **unless** Defendant Brown objects to this recharacterization, amends his motion on the form provided, or withdraws the motion entirely **in writing by Friday, April 5, 2024**.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of March, 2024.

_____
UNITED STATES DISTRICT JUDGE